UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
IN RE APPLICATION OF USA PURSUANT      )     ML No: 1:21-ml-00913
TO 18 U.S.C. § 3512 FOR ORDER FOR      )
COMMISSIONER'S APPOINTMENT FOR         )
CORRUPTION INVESTIGATION               )
_____)

*Reference:*   DOJ Ref. # CRM-182-75710

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Laster, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal. In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Competent Authority of Portugal, the Prosecutor General's Office, submitted a request for assistance (the "Request") to the United States, pursuant to the Instrument Between the United States of America and Portugal as contemplated by Article 3(3) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union, signed 25 June 2003, U.S.-Port., July 14, 2005, S. TREATY DOC. NO. 109-13 (2006) (the "Treaty").

2.      As stated in the Request, the Examining Judge of the Central Criminal Examination Court, in Portugal, is investigating Luis Manuel de Paiva Gomes Cunha Ribeiro (Ribeiro), Joaquim Paulo Lalanda e Castro (Castro), and Manuela Carvalho (Carvalho) for corruption, bribery, and receiving an undue advantage, which occurred between in or about 1998 to 2016, in violation of the criminal laws of Portugal, specifically, Articles 373(2), 374-A(2)(3), and 372(2) of the Portuguese Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Portuguese authorities, Castro, a Portuguese national and former director of a pharmaceutical company, bribed public tender jurors (members of Portuguese selection boards that recommend pharmaceutical products for acquisition and/or purchase) Ribeiro and Carvalho by sponsoring their travel and attendance at international medical congresses in order to influence their decision to purchase products sold by Castro's pharmaceutical company.  Specifically, Ribeiro and Carvalho, Portuguese physicians, and public tender jurors, were a part of a Portuguese selection board that made decisions about the types of pharmaceutical products that the Portuguese Public Administration should purchase.  Some of the bribes paid to Ribeiro and Carvalho involved payments in order for the two public tender jurors to attend conferences organized by the International Society on Thrombosis and Haemostasis.

4.      From between 2000 to 2015, Ribeiro received bribes from former pharmaceutical company director Castro in order to influence Ribeiro's recommendation of the pharmaceutical company's products to the Portuguese Public Administration, that would then purchase products recommended by its public tender jurors.  The pharmaceutical company's director provided payment for Ribeiro's travel, lodging, contracts, transfers, loans, parking spaces, holiday gift

baskets, and apartments. The bribes Ribeiro received amounted to a total of 914,446.80 EUR (approximately 1,075,092.24 USD).

5.      Carvalho also received bribes and undue advantages from the former pharmaceutical company director to influence her decision to recommend the pharmaceutical company's products to the Portuguese Public Administration for purchase. From 2000 to 2016, Carvalho was provided payment for traveling expenses, lodging, participation in clinical trials, and received holiday gift baskets. The bribes Carvalho received amounted to a total of approximately 98,799.03 EUR (approximately 116,155.55 USD).

6.      To further the investigation, Portuguese authorities have asked U.S. authorities to provide business records from the International Society on Thrombosis and Haemostasis, located in the United States, containing a list of conferences attended by Ribeiro and Carvalho from 1998 to 2014, the names of the person and/or company who sponsored Ribeiro and Carvalho's attendance and paid Ribeiro and Carvalho's conference registration fees.

## LEGAL BACKGROUND

7.      A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

8.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*              \*              \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*              \*              \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10.  An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

11.  Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority

---

542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

12. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in Portugal, and seeks assistance in the investigation of corruption, bribery, and the receipt of undue advantages – criminal offenses in Portugal. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

13. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

15. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Laster, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *Erica Y. Laster*
Erica Laster
Trial Attorney
D.C. Bar Number 1032449
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 353-1677
Erica.Laster@usdoj.gov

# ATTACHMENT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR *[Insert Nature of Case/Investigation]* | ) ) ) ) ) ) ) |

Reference:   *[Insert DOJ#]*
(**Please repeat when responding.**)

### COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                              _____
                                                COMMISSIONER
                                                *[Insert Name]*
                                                Trial Attorney
                                                Office of International Affairs
                                                Criminal Division, Department of Justice
                                                1301 New York Avenue, N.W.
                                                Washington, D.C. 20530
                                                (202) *[Insert Number]*
                                                *[Insert Email Address]*